UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

REPORT AND RECOMMENDATION

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

Lance Gerald Milliman,

Plaintiff,

vs.

County of Stearns, Lowell
Rushmeyer, Connie Bauman,
Dennis Heinen, City of Kimball,
Cindy Stelten, Shelly Olson,
Andrew Maus, Dan Konz, John
Clement, Ron Daniels, Wayne
Mackereth, Michael Olk, Todd
Rohloff, Dianne Robinson,
Tamarack Court, Inc., Dale Wagner,
Gary Plamann, Darhla Plamann,
Shadduck, Young & Brown;
Sheldon Brown; Iverson Reuvers,
Jason Hiveley, Neils, Franz &
Chirhart, Neil Franz, Meagher &
Geer, Steven Eggimann, Debra
Weiss, Erica Gutmann Strohl,
Edward Toussaint, Christopher
Dietzen, Paul Hoffman, and
Bernard Boland,

Defendants.          Civ. No. 05-2993 (JRT/RLE)

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

I.  Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Motion of the Defendants Gary Plamann, and Darhla Plamann (collectively, "the Plamanns"), to Set Aside the Entry of Default Judgment.

A Hearing on the Motion was conducted on September 21, 2006, at which time, the Plaintiff appeared pro se; and the Plamanns appeared by Patrick M. O'Donnell, Esq.  No appearances were made by, or on behalf of, any of the other parties.

For reasons which follow, we recommend that the Plamanns' Motion be granted.

II.  Factual Background

In his Complaint, the Plaintiff alleges that the Plamanns, as well as the other Defendants in this action, conspired to violate his constitutional rights.   See, Complaint, at p. 2.  The Plaintiff, as well as the Plamanns, resided at Tamarack Court, which is a "manufactured home park," for some period of time during the events which gave rise to this action.  The only express allegation that the Plaintiff asserts specifically against the Plamanns is that they "signed bogus leases pretending that there were no other available lots in the park, at the direction of Mr. Wagner's

- 2 -

attorney Sheldon Brown." Id. at p. 5, ¶10.   He seeks a Judgment of $50,000.00

against each of the Plamanns. Id. at p. 11, ¶5.

The Plamanns were served with the Complaint and Summons on June 14, 2006.

See, Docket No. 98.   On July 13, 2006, the Plaintiff applied for an Entry of Default

Judgment against the Plamanns.  See, Docket No. 114.   On July 24, 2006, the Clerk

of this Court entered a default against the Plamanns for failing to appear, or otherwise

defending themselves in this action.   Docket No. 116.   On August 3, 2006, the

Plaintiff filed a Motion for Default Judgment against the Plamanns.[1]  See, Docket No.

119.  In support of that Motion, the Plaintiff argued:

> What we really have here is a due process and equal
> protection violation of the plaintiff's constitutional rights
> coupled to a conspiracy with just a dash of discrimination
> between the several defendants to deny the plaintiff his
> constitutional rights. * * * What this really boils down to is

---

[1]While the Plaintiff's Motion for Default Judgment is not currently before us, we note that the Plaintiff failed to file a Notice of Motion, or acquire a Hearing date, prior to filing his Motion for Default Judgment, as is required by the Local Rules of this District.  See, D. Minn. LR 7.1.  As we recommend that the Entry of Default Judgment be set aside, we further recommend that the Plaintiff's Motion for Default Judgment against the Plamanns be denied, as moot.  See, Johnson v. Dayton Electric Manufacturing Co., 140 F.3d 781, 783 (8th Cir. 1998)("When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."); see also, Metcalf v. E.I. du Pont de Nemours and Co., 2006 WL 1877069, at *6 (D. Minn. July 6, 2006).

that these defendants did not like the plaintiff and wanted
to run him out of town.  It must be noted that every one
living in the Tamarack Court, Inc. manufactured park home
grew up in the Kimball area and the plaintiff was an
outsider and most of these parties drink to excess and the
plaintiff is a non-drinker and somewhat of an introvert, so
the plaintiff guesses he was not sociable enough for them.
Gary Plamann and Darhla Plamann conspired with and
assisted Tamarack Court, Inc. and Dale Wagner in the
simulation of a full manufactured home park so that the
plaintiff could not move his manufactured home to an
available lot, as was required by law, by signing a false
lease to a certain lot that they did not occupy in an attempt
to stop the plaintiff from relocating there to that lot.  It is
apparent that these defendants have been involved in this
matter from a point early on in the conspiracy and
discrimination and it was Gary Plamann who was
constantly provoking the plaintiff with verbal threats to do
harm to the plaintiff.  These defendants knew what they
were doing and do not think they have done anything
wrong or they simply do not care whether or not their
conduct injured some other party and destroyed that party's
life.

Plaintiff's Memorandum of Law in Support of Motion for Default Judgment, Docket
No. 120, at p. 1.

On August 21, 2006, the Plamanns filed a Motion to Set Aside the Entry of Default

Judgment.  See, Docket No. 124. In support of their Motion, they contend that they

failed to timely respond to the Plaintiff's Complaint as a result of mistake,

inadvertence, or excusable neglect -- namely, their belief, based upon a statement

made by Linda Wagner, who is the wife of the Defendant Dale Wagner, that the

- 4 -

Plamanns were represented by the attorney representing the Defendant Tamarack Court, Inc.  Plamanns' Memorandum of Law in Support of Motion to Set Aside Default Judgment, Docket No. 131, at pp. 2-4.  The Plamanns contacted counsel two (2) days after receipt of the Plaintiff's Entry of Default, and subsequently filed the pending Motion for relief less than one (1) week thereafter.  See, Affidavit of Patrick M. O'Donnell, ("O'Donnell Aff."), Docket No. 127; Affidavit of Gary and Darhla Plamann ("Plamann Aff."), Docket No. 125.

### III.  Discussion

A.    Standard of Review.  As provided by Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  A Judgment of default may, thereafter, be entered on application to the Court.  See, Johnson v. Dayton Electric Manufacturing Co., 140 F.3d 781, 783 (8th Cir. 1998) ("When a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."); United States v. Woods, 2004 WL 790332 at *3 (D. Minn., March 31, 2004)("Rule 55(b)(2) commits the entry of a default judgment to the

discretion of the district court."), citing <u>FTC v. Packers Brand Meats, Inc.</u>, 562 F.2d 9, 10 (8th Cir. 1977); see also, <u>Harris v. St. Louis Police Dept.</u>, 164 F.3d 1085, 1086 (8th Cir. 1998).

When determining whether a Default Judgment is appropriate, the Court must consider whether the assertedly defaulting party has filed a responsive Answer, or other pleading, prior to an entry of Default Judgment.   See, <u>Johnson v. Allied Interstate Inc.</u>, 2002 WL 1906024 at *2 (D. Minn., August 19, 2002)("Although the entry of a default against Allied would have been warranted as of the date Johnson brought her motion for default judgment, no default was entered on the docket pursuant to Rule 55(a), and the Court cannot ignore the fact that an Answer has now been filed and Allied is prepared to defend the lawsuit on the merits.").

A Court may enlarge the time for the filing of a document when the failure to act was the result of excusable neglect.   See, <u>Rule 6(b)(2), Federal Rules of Civil Procedure</u>.  Our Court of Appeals has also recognized that a failure to file an Answer, or other required pleading, can be excused under certain circumstances, including "excusable neglect," when faced with the potential of a Default Judgment.   See, <u>Johnson v. Dayton Electric Manufacturing Co.</u>, supra at 784.   Notably, Rule 55(c) allows the Court to set aside an entry of default "for good cause shown," or "in

accordance with Rule 60(b)," which in turn provides that a Judgment may be set aside upon a showing of "mistake, inadvertence, surprise, or excusable neglect." "[W]hether conduct is excusable is an equitable determination that 'tak[es] account of all relevant circumstances surrounding the party's omission.'" <u>Johnson v. Dayton Electric Manufacturing Co.</u>, supra at 784, citing <u>Pioneer Investment Services v. Brunswick Associates Limited Partnership</u>, 507 U.S. 380, 395 (1993).

Guided by <u>Johnson v. Dayton Electric Manufacturing Co.</u>, supra at 784-85, the following factors are of principal consideration: 1) "the blameworthiness of the defaulting party;" 2) whether the defaulting party has presented a meritorious defense; and 3) prejudice to the non-defaulting party.  "[P]rejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." <u>Id.</u> at 785.  Instead, the asserted prejudice must be "concrete," such as the "loss of evidence, increased difficulty in discovery, or greater opportunities for fraud and collusion." <u>Id.</u>, quoting <u>Berthelson v. Kane</u>, 907 F.2d 617, 621 (6th Cir. 1990). Such considerations reflect the "judicial  preference for adjudication on the merits." <u>Id.</u> at 784, citing <u>Oberstar v. F.D.I.C.</u>, 987 F.2d 494, 504 (8th Cir. 1993).

B.    <u>Legal Analysis</u>.  Considering the factors identified in <u>Dayton Electric</u>, the Plaintiff has failed to demonstrate that a Default Judgment against the Plamanns

would be proper.  Specifically, the Plaintiff has not shown that the Plamanns' failure to file a timely responsive pleading was an act of bad faith, or was otherwise intended to delay these proceedings, see, <u>Forsyth v. Hales</u>, 255 F.3d 487, 490 (8th Cir. 2001)(while "[d]efault judgment is appropriate where the party against whom the judgment is sought has engaged in willful violations of court rules, contumacious conduct, or intentional delays * * * [it] is not an appropriate sanction for a marginal failure to comply with time requirements.").  We note that the Plamanns acted with dispatch upon receiving the Entry of Default Judgment, by obtaining representation, and by subsequently filing their Motion to Set Aside Judgment.  See, <u>Plamann Aff.</u>, at ¶¶3-4; <u>O'Donnell Aff.</u>, at ¶¶2-4.  More importantly, we find that the Plamanns acted in good faith, and that the mistake which led to their delay in responding to the Plaintiff's Complaint, was excusable.  The simple fact is that the Plamanns mistakenly believed that their interests in this action were already being represented because of their association with Tamarack Court, based upon Linda Wagner's representation that the Plamanns were represented by counsel for Tamarack Court.  See, <u>Plamann Aff.</u>, at ¶2; <u>Affidavit of Linda Wagner</u>, <u>Docket No. 126</u>, at ¶¶2-3.  Given the Plamanns' explanation, we find that the failure to file a responsive pleading constituted no worse than excusable neglect.  In any event, the Plaintiff has not identified any specific

- 8 -

prejudice that has resulted as a result of any untimely response which will ultimately be provided by the Plamanns.  See, <u>Johnson v. Allied Interstate, Inc.</u>, supra at *2 (responsive pleading that was filed sixty-four (64) days after deadline did not warrant a Default Judgment, in the absence of concrete prejudice).

We further note that the Plamanns represent that they will file a responsive pleading after a ruling on this Motion, and accordingly, we find this factor weighs in favor of setting aside the entry of default.  See, <u>American States Insurance Corporation v. Technical Surfacing, Inc.</u>, 178 F.R.D. 518, 521 (D. Minn. 1998)("Accordingly, '"[w]hen a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on their merits.'"), citing <u>Wendt v. Pratt</u>, 154 F.R.D. 229, 230 (D. Minn. 1994), quoting <u>Lee v. Brotherhood of Maintenance of Way Employees</u>, 139 F.R.D. 376, 381 (D. Minn. 1991), citing, in turn, 10 Wright, Miller & Kane, <u>Federal Practice and Procedure: Civil 2d</u>, §2593, at p. 411.

Moreover, counsel for the Plamanns represented that they will assert a number of affirmative defenses in their responsive pleading, including an alleged failure on the Plaintiff's part to state a claim upon which relief can be granted.  As but one example, at the Hearing, counsel for the  Plamanns represented that the Plaintiff is not

entitled to any relief as his action is barred under the doctrine of <u>res judicata</u>.  For purposes of this Motion, we do not decide if any of the defenses are applicable, let alone controlling -- especially in the absence of a formal pleading -- but we simply recognize that the meritorious defense factor merely requires that "the proffered evidence 'would permit a finding for the defaulting party,' not whether it is undisputed." <u>Johnson v. Dayton Electric Manufacturing Co.</u>, supra at 785, quoting <u>Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.</u>, 843 F.2d 808, 812 (4th Cir. 1988).  Here, given the potential applicability of the doctrine of <u>res judicata</u>, we find that the Plamanns have presented a meritorious defense and, when coupled with the other <u>Dayton Electric</u> factors, we conclude that a Default Judgment is inappropriate.

In sum, the pertinent factors all weigh in favor of allowing the case against the Plamanns to proceed on its merits.  Accordingly, we recommend that the Plamanns' Motion to Set Aside Entry of Default Judgment be granted.

NOW, THEREFORE, It is –

RECOMMENDED:

1.     That the Plamanns' Motion to Set Aside Entry of Judgment [Docket No. 124] be granted.

- 10 -

2.      That the Plaintiff's Motion for Default Judgment  [Docket No. 119] be

denied, as moot.


Dated:  September 25, 2006                    *s/Raymond L. Erickson*

                                             Raymond L. Erickson
                                             CHIEF U.S. MAGISTRATE JUDGE

NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and

D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by

filing with the Clerk of Court, and by serving upon all parties by no later than October

13, 2006, a writing which specifically identifies those portions of the Report to which

objections are made and the bases of those objections.  Failure to comply with this

procedure shall operate as a forfeiture of the objecting party's right to seek review in

the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a

Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing by no later than October 13, 2006, unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to

review the transcript in order to resolve all of the objections made.