UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

REPORT AND RECOMMENDATION

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Lance Gerald Milliman,

Plaintiff,

vs.

County of Stearns, Lowell
Rushmeyer, Connie Bauman,
Dennis Heinen, City of Kimball,
Cindy Stelten, Shelly Olson,
Andrew Maus, Dan Konz, John
Clement, Ron Daniels, Wayne
Mackereth, Michael Olk, Todd
Rohloff, Dianne Robinson,
Tamarack Court, Inc., Dale Wagner,
Gary Plamann, Darhla Plamann,
Shadduck, Young & Brown;
Sheldon Brown; Iverson Reuvers,
Jason Hiveley, Neils, Franz &
Chirhart, Neil Franz, Meagher &
Geer, Steven Eggimann, Debra
Weiss, Erica Gutmann Strohl,
Edward Toussaint, Christopher
Dietzen, Paul Hoffman, and
Bernard Boland,

Defendants.          Civ. No. 05-2993 (JRT/RLE)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Motion of Neil Franz ("Franz"), and the law firm of Neils Franz & Chirhart (collectively, the "Franz Defendants"), to Dismiss; the Plaintiff's Motion for Injunctive Relief; the Motion of Tamarack Court, Inc. ("Tamarack Court"), and Dale Wagner ("Wagner")(collectively, "the Tamarack Defendants"), to Dismiss; and the Motion of Gary and Darhla Plamann (collectively, "the Plamanns") to Dismiss.

A Hearing on the Motions of the Plaintiff and the Franz Defendants was conducted on July 13, 2006, at which time, the Plaintiff appeared pro se; the Franz Defendants appeared by Keith J. Broady, Esq.; and the Tamarack Defendants appeared by Patrick M. O'Donnell ("O'Donnell"), Esq. A Hearing on the Tamarack Defendants' Motion was conducted on August 9, 2006, at which time, the Plaintiff appeared pro se, and the Tamarack Defendants appeared by O'Donnell. A Hearing on the Plamanns' Motion was conducted on December 7, 2006, at which time, the

Plamanns appeared by O'Donnell.  No appearances were made by, or on behalf of, any of the other parties.[1]

For reasons which follow, we recommend that the Defendants' dispositive Motions be granted, and that the Plaintiff's claims against those Defendants be dismissed in their entirety.  We further recommend that the Plaintiff's Motion for injunctive relief be denied.

## II.  Factual Background

The Plaintiff commenced this action under Title 42 U.S.C. §1983, alleging that the Defendants violated his rights under the United States and Minnesota Constitutions, and that they conspired for the purpose of depriving him of his Federal constitutional rights.  The crux of the Plaintiff's Complaint concerns the eviction of the Plaintiff from Lot 18 of the Tamarack Court, Inc., Manufactured Home Park (the "Park"), and the subsequent removal of his manufactured home from the Park.  A more thorough summary of the events, as well as the factual assertions that give rise

---

[1]On November 27, 2006, the Plaintiff submitted a letter, in which he advised that he would not be appearing at the Hearing on the Plamanns' Motion to Dismiss. See, Docket No. 156.

to this action, is contained in our previous Report and Recommendation, see, <u>Docket No. 117</u>.[2]

In his Complaint, the Plaintiff alleges that, sometime in the early to middle part of 2000, Wagner, who is the owner of Tamarack Court, began meeting with a number of city and municipal officials for the purpose of constructing a storm shelter in the Park. The Plaintiff contends that, at some point, Wagner and other persons -- including several of the previously dismissed Defendants -- determined that the storm shelter should be constructed on Lot 18, which is where the Plaintiff's manufactured home was located. The Plaintiff contends that, as a result, he began to experience harassment from Wagner, and the other residents of the Park. See, <u>Complaint</u>, at ¶7.

In April of 2002, the Plaintiff informed Stearns County that the septic system for Lot 18 was not working properly. See, <u>Tamarack Court, Inc. v. Milliman</u>, 2003 WL 21911150 at *1 (Minn.App., August 12, 2003). In response to that report, Stearns County officials inspected the septic system, and determined that it could not be repaired. As a consequence, the Stearns County officials transmitted a notice to the Tamarack Defendants that the system would either have to be replaced, or the

---

[2]The District Court, the Honorable John R. Tunheim, presiding, adopted our prior Report, which recommended the dismissal of several other Defendants, who are no longer parties to this action. See, <u>Docket No. 130</u>.

manufactured homes, which were on sites served by that septic system, would have to be removed.  Id.; see, Complaint, at ¶4.  In response to the directive of Stearns County, Wagner apparently determined that it would not be economical to replace the septic system, and instead, he decided to construct a storm shelter on Lot 18.  Id.

On May 31, 2002, law enforcement for the City of Kimball served a Notice of Termination of Tenancy on the Plaintiff.  The stated reason for the termination was the failing septic system which, the Plaintiff contends, Wagner deliberately caused. Complaint, at ¶8.  Subsequently, on September 2, 2002, the Plaintiff filed a report with the Stearns County Sheriff's Department, in which he claimed that Wagner, with the assistance of another unknown party, sprayed expanding foam insulation into the Plaintiff's septic tank.

The Plaintiff did not vacate his lot and, after ninety (90) days, the Tamarack Defendants commenced an eviction action in Minnesota State Court.  See, Tamarack Court, Inc. v. Milliman, supra at *1.  The eviction action proceeded to a Bench Trial, and the Court issued a Writ of Recovery on the premises, and an Order to Vacate, which it stayed until October 15, 2002.  Id. at *2.  The Plaintiff appealed the Order to the Minnesota Court of Appeals, which affirmed the decision of the District Court. See, Tamarack Court v. Milliman, supra.

On October 15, 2002, law enforcement served the Plaintiff with the Writ of Recovery, on behalf of the Tamarack Defendants, which directed the Plaintiff to vacate the premises within twenty-four (24) hours. The Plaintiff vacated the premises, but his manufactured home remained on the Lot. The Plaintiff contends that two (2) other lots -- Lots 9 and 14 -- were available within the Park, as of June 1, 2002, but that he was denied the opportunity to relocate his manufactured home to those lots when Wagner, and the Plamanns, signed allegedly "fraudulent" leases to eliminate the availability of those lots. The Plaintiff contends that, by not allowing him to move his home to one of the available lots, Wagner, and the Plamanns violated Minnesota Statutes Section 327C.09, Subdivision 8.[3] Id. at ¶10.

---

[3]Minnesota Statutes Section 327C.09, Subdivision 8, sets forth one of the circumstances upon which the owner of a manufactured home park may recover the land upon which a manufactured home sits, and provides as follows:

> The park owner has specific plans to make improvements to the park premises which will substantially benefit the health and safety of the residents or have been ordered by a government agency, and which necessitate removal of the resident's manufactured home from the park. The park owner must give the resident 90 days' written notice and include in that notice a statement identifying how the improvements will substantially benefit the health and safety of the residents. If another lot is available in the park, the park owner must allow the resident to relocate the home

(continued...)

The Plaintiff acknowledges that, "[t]his 42 U.S.C. 1983 matter was originally before the courts of the State of Minnesota in Stearns County District Court." Complaint, at ¶13.   During those State Court proceedings, the Plaintiff pursued conspiracy, as well as Section 1983 claims, against the Tamarack Defendants. Throughout those proceedings, the Tamarack Defendants were represented by the Franz Defendants.

However, following a series of adverse rulings, in which Judgment was entered in favor of the Tamarack Defendants, and the Plaintiff's Motion to Amend his State Complaint to assert conspiracy claims against the Franz Defendants was denied, the Plaintiff filed the pending action in Federal Court.   The Plaintiff asserts that the actions of the Franz Defendants, as well as the previously dismissed Judicial Defendants, forced him to "remove" his action from State Court to Federal Court. Specifically, the Plaintiff contends that the attorneys, who were involved in the State proceedings, conspired to withhold material evidence, in violation of Minnesota law, and the Minnesota Rules of Professional Conduct, and that they further conspired with the Judicial Defendants to deprive the Plaintiff of his Federal Constitutional rights.

---

[3](...continued)
>
> to that lot unless the home, because of its size or local ordinance, is not compatible with that lot.

-7-

The Plaintiff makes it a point to characterize his action as "a removal action, and not an appeal of the ruling of the State of Minnesota," because, he contends, "he did not receive a fair trial * * * [or] a full and fair opportunity to be heard in the Minnesota courts." Id. at ¶22. A summary of the Plaintiff's adverse rulings can be found in our previous Report and Recommendation. See, Docket No. 117.

### III.  Discussion

The Franz Defendants, the Tamarack Defendants, and the Plamanns, have each, respectively, filed Motions to Dismiss. All of the Defendants urge that we dismiss the claims against them, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, as well as under Rule 12(b)(6), Federal Rules of Civil Procedure.

A party may challenge a Court's subject matter jurisdiction at any time, under Rule 12(b)(1), Federal Rules of Civil Procedure, since such a defense may not be waived. See, Moubry v. Independent School District No. 696, 951 F. Supp. 867, 882 (D. Minn. 1996), citing Northwest Airlines, Inc. v. Transport Workers, 451 U.S. 77, 95 (1981); Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993) ("Lack of subject matter jurisdiction * * * cannot be waived[;] [it] may be raised at any time by a party to an action, or by the court sua sponte."). "In order to properly dismiss an action under Rule 12(b)(1), the challenging party must successfully attack

the Complaint, either upon its face or upon the factual truthfulness of its averments."

Moubry v. Independent School Dist. No. 696, supra at 882, citing Titus v. Sullivan,

4 F.3d 590, 593 (8th Cir. 1993); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th

Cir. 1990).

If the defendant brings a facial challenge -- a challenge that, even if truthful, the

facts alleged in a Complaint are insufficient to establish jurisdiction -- the Court

reviews the pleadings alone, and "the non-moving party [is afforded] the same

protections that it would receive under a Rule 12(b)(6) motion to dismiss." Carlson

Holdings, Inc. v. NAFCO Ins. Co., 205 F. Supp.2d 1069, 1073 (D. Minn. 2001), citing

Titus v. Sullivan, supra at 593; Osborn v. United States, supra at 729 n. 6.

Accordingly, "[t]he court presumes that all of the factual allegations in the complaint

concerning jurisdiction are true and will not dismiss the claims unless the plaintiff

fails to allege an essential element for subject matter jurisdiction." Id.

However, in factual challenges to subject matter jurisdiction -- contending that

the allegations in the Complaint, that are to establish jurisdiction, are insufficiently

supported by the facts -- the Court "may consider matters outside the pleadings and

the non-moving party does not benefit from the safeguards of 12(b)(6)." Id. When

a plaintiff's "'allegations of jurisdictional facts are challenged by his adversary in any

-9-

appropriate manner, he must support them by competent proof," "[a]nd * * * for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence.'" Zunamon v. Brown, 418 F.2d 883, 886 (8th Cir. 1969), quoting McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

When reviewing a Rule 12(b)(6) dismissal for failure to state a claim, we look only to the facts alleged in the complaint and construe those facts in the light most favorable to the [nonmoving party]." Riley v. St. Louis County, 153 F.3d 627, 629 (8th Cir. 1998), cert. denied, 525 U.S. 1178 (1999), citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.23d 554, 556 (8th Cir. 1998); see also, Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004). In addition, all reasonable inferences, from the facts alleged in the Complaint, must also be drawn in favor of the nonmoving party. See, Maki v. Allete, Inc., supra at 742. "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001), citing Breedlove v. Earthgrains Baking, 140 F.3d 797, 799 (8th Cir. 1998); see also, Maki v.

Allete, supra at 742; Helleloid v. Independent School Dist. No. 361, 149 F. Supp.2d 863, 866-67 (D. Minn. 2001).

"Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, supra at 627, citing Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). "To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions." Id., citing Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998).

A Motion to Dismiss can be converted to a Rule 56 Motion for Summary Judgment if "matters outside the pleadings are presented to and not excluded by the court." Rule 12(b), Federal Rules of Civil Procedure. However, a Court may consider some information, which is not contained within the Complaint -- such as materials that are part of the public record, and materials that are necessarily embraced by the pleadings -- without transforming the Motion into one for Summary Judgment. See, Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999); see, Enervations, Inc. v. Minnesota Mining and Manufacturing Co., 380 F.3d 1066, 1069 (8th Cir. 2004); Stahl v. United States Department of Agriculture, 327 F.3d 697, 700

(8th Cir. 2003).  Since our decision rests entirely upon the pleadings, materials within the public record, and materials that are necessarily embraced by the pleadings, we analyze the Defendants' Motions under the framework of Rule 12(b)(6), rather than under the regimen of Rule 56.  With these precepts in mind, we turn to the Defendants' Motions.[4]

A.    The Franz Defendants' Motion to Dismiss.

The Franz Defendants contend that the Plaintiff's claims against them must be dismissed because Federal Subject Matter Jurisdiction is lacking under the Rooker/Feldman doctrine, see, Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983), and alternatively, because the Plaintiff has failed to state a claim upon which relief can be granted.  We address each of those contentions, in turn.

---

[4]In our resolution of the Defendants' Motions, we have considered the Judicial Opinions, which were issued by the Minnesota State Courts in their disposition of the eviction action against the Plaintiff, as well as the Plaintiff's State Court civil rights action.  Our consideration of those materials does not convert the Defendants' Motions into ones for Summary Judgment since, under the law of this Circuit, a Court "may take judicial notice of judicial opinions." Stutzka v. McCarville, 420 F.3d 757, 761 n. 2 (8th Cir. 2005); see also, Stahl v. United States Department of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003)(taking judicial notice of public records, and considering such materials in a Motion to Dismiss).

1.     The Rooker/Feldman Doctrine.  As established by the Rooker/ Feldman doctrine, Federal Courts do not possess subject matter jurisdiction over challenges to State Court decisions in judicial proceedings.  See, Rooker v. Fidelity Trust Co., supra at 416; District of Columbia Court of Appeals v. Feldman, supra at 476; Lance v. Dennis, 549 U.S. 459, 126 S.Ct. 1198, 1201 (2006); Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283 (2005); see also, Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000); Bechtold v. City of Rosemount, 104 F.3d 1062, 1065 (8th Cir. 1997).  With minor exceptions, which do not apply here, the Federal review of a State Court determination may only be obtained in the United States Supreme Court.  See, District of Columbia Court of Appeals v. Feldman, supra at 476, citing Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970); Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995); see also, Title 28 U.S.C. §1257.

The Supreme Court, in Feldman, formulated a general rule which distinguishes general constitutional challenges to State laws and regulations -- over which the Federal Courts have jurisdiction -- from requests for review of specific State Court decisions, over which they have no jurisdiction.  As explained by the Court, when the Federal claims are "inextricably intertwined with" State Court "decisions, in judicial

proceedings," they fall outside of the Federal Court's jurisdiction.  <u>District of Columbia Court of Appeals v. Feldman</u>, supra at 486-87.  A more thorough examination of the <u>Rooker/Feldman</u> doctrine, and its application, appears in our previous Report and Recommendation.  See, <u>Report and Recommendation, Docket No. 117</u>, at pp. 26-32.

Here, the Plaintiff's injury, as alleged in his claims against the Franz Defendants, are premised on their representation of the Tamarack Defendants in the State Court action -- and specifically, their alleged conspiracy with the other attorneys who participated in the State Court action, as well as with the previously dismissed Judicial Defendants, to deprive the Plaintiff of his Federal Constitutional rights.

Given these showings, we conclude that the Plaintiff's claims against the Franz Defendants are barred by the <u>Rooker/Feldman</u> doctrine.  Notably, the Plaintiff's claims against the Franz Defendants concern their representation of the Tamarack Defendants in the State Court action, and the alleged impropriety of Franz's conduct there.  Moreover, the only apparent injuries to the Plaintiff, which are alleged to have been caused by Franz's asserted misconduct, was the deprivation of the Plaintiff's right of free speech, access to the Courts, due process and equal protection, which all directly resulted from the State Court's Judgment and rulings.  As a result, the

Rooker/Feldman doctrine precludes the Court from exercising Federal Court

Jurisdiction over the Plaintiff's claims against the Franz Defendants.[5] See, Frierson-

Harris v. Kall, 198 Fed.Appx. 529, 530 (7th Cir., August 17, 2006);Kafele v. Lerner,

---

[5]As his pleading makes plain, the Plaintiff has alleged claims against most, if not all, of the attorneys who represented opposing parties, on some apparent notion that, in doing so, they must have engaged in a conspiracy to deny him his Federal Constitutional rights.   The United States Supreme Court long ago rejected the argument "that a private party's mere invocation of state legal procedures constitutes joint participation or conspiracy with state officials satisfying the §1983 requirement of action under color of law."  Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 n. 21 (1982).   As a consequence, where, as here, the plaintiff only offers conclusory allegations of a conspiracy against an attorney for another party, the claim is adjudged to have been insufficiently pled, and subject to dismissal.  See, Miller v. Compton, 122 F.3d 1094, 1098 (8th Cir. 1997); Brown v. Delmuro, 163 F.3d 601, 1998 WL 547864 at *1 (8th Cir., August 28, 1998)[Table Decision].

Here, as to the Franz Defendants, as well as to several previously dismissed Defendants -- all private attorneys, or private law firms -- the Plaintiff has failed to plead that there was a mutual understanding, or a meeting of the minds, between the referenced lawyers, and a State action, which is supported by specific evidence.  See, Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993), cert. denied, 510 U.S. 111 (1994).  Indeed, all of the Plaintiff's conspiracy claims are conclusory -- whether as alleged against lawyers, or generally -- and therefore, they fail to state a cause of action. See, Smithson v. Aldrich, 235 F.3d 1058, 1063 (8th Cir. 2001), citing Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988), for the proposition that a "conspiracy claim requires allegations of specific facts showing a 'meeting of minds' among alleged conspirators;" see also, Snelling v. Westhoff, 972 F.2d 199, 200-01 (8th Cir. 1992), cert. denied, 506 U.S. 1053 (1993); Cabal v. United States Dep't of Justice, 980 F.2d 734, 1992 WL 336447 at *2 (8th Cir. 1992)[Table Decision], cert. denied, 510 U.S. 831 (1993); Boone v. PCL Construction Services, Inc., 2005 WL 1843354 at *7 (D. Minn., August 2, 2005).

Sampson & Rothfuss, L.P.A., 161 Fed.Appx. 487, 488-89 (6th Cir., December 22, 2005)(Federal claims against attorneys who represented co-defendant in State Court foreclosure action were inextricably intertwined with the claims brought in State Court).

In passing, we note that, contrary to the Plaintiff's position, that the Rooker/ Feldman doctrine does not apply because he is not challenging any State Court Judgments that became final prior to the commencement of his Federal action, the present action was filed on December 29, 2005, which was over five (5) months after the Minnesota Supreme Court had denied the Plaintiff's Petition for Review in the State Court proceedings.  Accordingly, we find that the Plaintiff's claims against the Franz Defendants are barred by the Rooker/Feldman doctrine.

Since we find that the application of the Rooker/Feldman doctrine deprives the Court of Federal Subject Matter Jurisdiction over the Plaintiff's claims against the Franz Defendants, we conclude that dismissal is proper as to those Defendants. However, in the interests of completeness, we also address whether the allegations, that are contained in the Plaintiff's Complaint, are sufficient to state a claim upon which relief can be granted.  We find that they do not.

2.     <u>Res Judicata</u>.  "'Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'"  <u>Gurley v. Hunt</u>, 287 F.3d 728, 731 (8th Cir. 2002), quoting <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980).  "The test applied to determine whether res judicata bars litigation of a claim is: (1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the judgment was a final judgment on the merits, and (3) whether the same cause of action and same parties or their privies were involved in both cases."  <u>Id.</u>, citing <u>De Llano v. Berglund</u>, 183 F.3d 780, 781 (8th Cir. 1999); see also, <u>Leonard v. Southwestern Bell Corp. Disability Income Plan</u>, 341 F.3d 696, 701 (8th Cir. 2003); <u>Canady v. Allstate Ins. Co.</u>, 282 F.3d 1005, 1014 (8th Cir. 2002); <u>Black Clawson Co., Inc. v. Kroenert Corp.</u>, 245 F.3d 759, 762 (8th Cir. 2001); <u>Lundquist v. Rice Memorial Hosp.</u>, 238 F.3d 975, 977 (8th Cir. 2001).

In determining the scope of preclusion, that a prior Minnesota Judgment will exact, we necessarily look to the governing law of Minnesota.  See, <u>Marrese v. American Academy of Orthopaedic Surgeons</u>, 470 U.S. 373, 375 (1985)(a Federal Court must first consider the law of the State in which a Judgment was rendered when determining the preclusive effect to be accorded that Judgment), reh'g denied, 471

U.S. 1062 (1985). Under Minnesota law, "[a] judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every other matter which was actually litigated, but also as to every matter which might have been litigated therein." Dorso Trailer v. American Body & Trailer, 482 N.W.2d 771, 774 (Minn. 1992), quoting Mattsen v. Packman, 358 N.W.2d 48, 49 (Minn. 1984); see also, Sondel v. Northwest Airlines, Inc., 56 F.3d 934, 938 (8th Cir. 1995). In effect, res judicata "is essentially a finality doctrine which dictates that there be an end to litigation." Dorso Trailer v. American Body & Trailer, supra at 773-74, citing Federated Mutual Ins. Co. v. Litchfield Prec. Comp., Inc., 456 N.W.2d 434, 438 (Minn. 1990). Accordingly, it is "well established in Minnesota that a party 'should not be twice vexed for the same cause, and that it is for the public good that there be an end to litigation.'" Hauser v. Mealey, supra at 807, quoting Shimp v. Sederstrom, 233 N.W.2d 292, 294 (Minn. 1975).

As noted by the Franz Defendants, in Milliman v. City of Annandale, Court File No. C7-03-794 (Minn. Dist. Ct., August 6, 2004), the Plaintiff filed a Motion to Amend his Complaint to include Franz as a Defendant for conspiring with the other named Defendants in this case. See, Affidavit of Keith Broady, Docket No. 76, Ex. D., at pp. 7-9. The Stearns County District Court made the following determination,

-18-

in denying the Plaintiff's Motion to Amend his Complaint to include conspiracy

claims against Neil Franz:[6]

> There is no logical connection between the conspiracies alleged by Mr. Milliman and the role that the above attorneys play as counsel for the defendants.
>
> *       *       *
>
> Individuals who acted legally in the normal course of their business, even when assisting Dale Wagner and Tamarack Court in evicting Mr. Milliman, did not engage in a conspiracy.
>
> *       *       *
>
> If one person allegedly does something illegal to deprive a person of their property, the claim is against the alleged wrongdoer.  Both the aggrieved party and the wrongdoer have a right to counsel and to have the claims settled by a court of law.  If the Court rules in favor of the wrongdoer, and even if that decision is incorrect, the party's option is to seek redress through appeal.  Such a course of events is part of the normal due process of our justice system.  There is nothing about such a course of events that suggests a conspiracy to deprive the aggrieved party of rights.

Id.

---

[6]We note that the only substantive mention of the law firm of Neils, Franz, & Chirhart, in the Plaintiff's Complaint arises from their role in representing the Tamarack Defendants through the efforts of Franz.

As is the case with the Plaintiff's Federal Complaint, his proposed amendment to his State Court Complaint against Franz alleged, in pertinent part, that Franz had conspired with others in violation of the Plaintiff's rights, in his representation of the Tamarack Defendants during the State Court proceedings.

Plainly, a comparison of the Plaintiff's allegations in the State Court proceeding, with those that are alleged here, reveals that the Plaintiff is attempting to relitigate his State Court action in this Federal forum.   See, Complaint, at ¶23. Moreover, each of the elements, which is essential to the application of res judicata, are satisfied by the State Court Judgment in favor of the Franz Defendants.  Notably, the Plaintiff does not seriously challenge that the State District Court was a Court of competent jurisdiction, or that the parties -- at least insofar as the Franz Defendants are concerned -- were the same in both actions.   Furthermore, contrary to the Plaintiff's assertion, the allegations in the State Court action need not be identical to those alleged in the Federal action, so long as the claims are the same, which they are.

Lastly, there is no doubt that the Plaintiff had a full and fair opportunity to litigate his claim in the State Court. "The question of whether a party had a full and fair opportunity to litigate a matter generally focuses on 'whether there were significant procedural limitations in the prior proceeding, whether the party had the

incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties.'" State v. Joseph, 636 N.W.2d 322, 328 (Minn. 2001), quoting Sil-Flo, Inc. v. SFHC, Inc., 917 F.2d 1507, 1521 (10th Cir. 1990), citing, in turn, 18 Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure, §4423 (1981 and Supp. 2000). Here, there is no suggestion that the Plaintiff was precluded from participating in the State Court proceedings which resulted in the Judgment favorable to the Franz Defendants; that the Plaintiff was not motivated to fully litigate his claim; or that some relationship existed between the Plaintiff, and the Franz Defendants, which precluded the Plaintiff from fully litigating his claim.

Therefore, finding that the Plaintiff's claims against the Franz Defendants are also barred the doctrine of res judicata, we further recommend that the Franz Defendants' Motion to Dismiss be granted, and that the Plaintiff's claims against the Franz Defendants be dismissed in their entirety.

B.      The Tamarack Defendants' Motion to Dismiss.

The Plaintiff's claims against the Tamarack Defendants are predicated on his assertion that they conspired with other Defendants, to further their own interests -- to the detriment of the Plaintiff -- and led to the Plaintiff's eviction, as well as the

destruction of his manufactured home.  At the outset, we note the Plaintiff's assertion

that "[t]his 42 U.S.C. 1983 matter was originally brought before the Courts in the

State of Minnesota in Stearns County District Court."  <u>Complaint</u>, at ¶13.  We also

note that the allegedly wrongful actions, that were undertaken by the Tamarack

Defendants -- namely, the eviction action  -- were upheld by the Minnesota Courts.

See, <u>Tamarack Court, Inc. v. Milliman</u>, 2003 WL 21911150 (Minn. Ct. App., August

12, 2003).  Lastly, the Tamarack Defendants were granted Summary Judgment in a

Minnesota State Court action, in which the Plaintiff brought a Section 1983 action

against them, based on the same factual circumstances as he alleges in this action.

See, <u>Broady Aff.</u>, Ex C., <u>Order</u>, <u>Milliman v. City of Annandale</u>, Court File No. C7-03-

794.

In his Complaint, the Plaintiff contends that the Tamarack Defendants' actions,

along with the alleged acts of the other named Defendants, "in removing the plaintiff's

manufactured home from Tamarack Court, Inc., instead of moving it to one of the

available lots denied the plaintiff Due Process and Equal Protection of the laws and

were completed in a manner of oppression, with malice, deliberate indifference and

reckless disregard for the constitutional rights."  <u>Complaint</u>, at ¶12.

As had the Franz Defendants, the Tamarack Defendants urge that application of the <u>Rooker/Feldman</u> doctrine requires a dismissal of the Plaintiff's claims against them, and alternatively, that dismissal is proper on the basis of <u>res judicata</u>. As previously noted, the <u>Rooker/Feldman</u> doctrine is limited to claims where the plaintiff seeks relief for injuries that were caused by the State Court Judgments.

Here, the primary injury, which the Plaintiff claims to have suffered as a result of the alleged conduct of the Tamarack Defendants, was his eviction from the Park, which was authorized by Order of the State Court. See, <u>Tamarack Court, Inc. v. Milliman</u>, supra. Accordingly, a reasonable argument could be made that, because the alleged conduct was caused by the State Court Judgment, Federal Subject Matter Jurisdiction is lacking. See, <u>Fearing v. City of Lake St. Croix Beach</u>, 2006 WL 695548 at *5 (D. Minn., May 17, 2006)("Where a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that only the Supreme Court can hear."), quoting <u>Hoblock v. Albany County Board of Elections</u>, supra at 88. However, construed liberally, the Plaintiff's Complaint appears to allege injuries from conduct which falls outside of the Court- authorized eviction, such as the alleged role of the Tamarack Defendants in the destruction of the Plaintiff's manufactured home, and

-23-

therefore, we find that the <u>Rooker/Feldman</u> doctrine does not apply to all of the Plaintiff's claims against the Tamarack Defendants.

While we are satisfied that the <u>Rooker/Feldman</u> doctrine does not preclude the exercise of Federal Court Jurisdiction, the Plaintiff's claims against the Tamarack Defendants are, nonetheless, barred by the doctrine of <u>res judicata</u>. We have already detailed the elements required for the application of <u>res judicata</u>, and we find that the Tamarack Defendants have satisfied those elements here

As is the case with the Plaintiff's Federal Complaint, his State Court Complaint against the Tamarack Defendants alleged, in pertinent part, that:

> Mr. Wagner, owner of Tamarack Court, Inc., intentionally sabotaged the septic system for Lot 18 by putting foam insulation into the system. Plaintiff also claims that a different lot within Tamarack Court was available, but not offered him, in violation of Minn. Stat. 327C.09 Subd. 8. Finally, Plaintiff claims that following eviction; Tamarack Court improperly damaged his home.

Memorandum, <u>Broady Aff.</u>, Ex. C., <u>Milliman v. City of Annandale</u>, supra at p. 11; see also, <u>Plaintiff's State Complaint</u>, <u>Broady Aff.</u>, Ex. B., at ¶¶12, 16, 18, 22.

Plainly, a comparison of the Plaintiff's allegations in the State Court proceeding, with those that are alleged here, discloses that the Plaintiff is attempting to relitigate his State Court action against the Tamarack Defendants, in this Federal forum, and his

claims, here, are substantially the same as those which we have described in his State Court Complaint. See, Complaint, at ¶¶1, 10-12.

The Plaintiff cannot seriously dispute that comparison, as his Complaint candidly asserts as "[t]his [Title] 42 U.S.C. [§] 1983 matter was originally before the courts of the State of Minnesota in Stearns County District Court." Id. at ¶13. Moreover, as we previously recognized, there is no doubt that the Plaintiff had a full and fair opportunity to litigate his claims in the State Court, since there is no suggestion that the Plaintiff was precluded from participating in the State Court proceedings which resulted in Summary Judgment in favor of the Tamarack Defendants; that the Plaintiff was somehow not motivated to fully litigate his claim; or that some relationship existed between the Plaintiff and the Tamarack Defendants which precluded the Plaintiff from fully litigating his claim. Accordingly, we find that the bulk of the Plaintiff's claims against the City Defendants are barred by the doctrine of res judicata.

However, we note the State District Court observed, in its Memorandum, as follows:

> The removal and disposal of Plaintiff's manufactured home is still apparently an issue between Plaintiff and some of the Defendants, but it is not related to the federal civil rights

> claims made by Plaintiff.  This decision does not preclude
> Plaintiff from bringing a future action for conversion, or
> civil action for property damage, but none of these property
> claims were pled with the necessary specificity to go
> forward in the current case.

<u>Broady Aff.</u>, Ex. C, at unnumbered p. 18

In the Plaintiff's Complaint, he asserts that the Defendants "converted the plaintiff's

manufactured home to their own use," and "have been unjustly enriched and they

should be held to answer." <u>Complaint</u>, at ¶12.  However, he asserts in his Complaint,

that the Court should award the Plaintiff "$8,000.00 to cover the cost of the property

that was converted by defendants Tamarack Court, Inc., [and]  Dale Wagner."

<u>Complaint</u>, at p. 11.

Since, we have dismissed all of the Plaintiff's Federal claims as to the

Tamarack Defendants, we recommend that the District Court decline to exercise

supplemental jurisdiction over the Plaintiff's pendant State claims for conversion and

unjust enrichment.  As the Supreme Court has noted, "in the usual case in which all

federal-law claims are eliminated before trial, the balance of factors to be considered

under the pendent jurisdiction doctrine * * * will point toward declining to exercise

jurisdiction over the remaining state-law claims." <u>Johnson v. City of Shorewood</u>, 360

F.3d 810, 819 (8th Cir. 2004), quoting <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343,

-26-

350 n. 7 (1988). We find that to be the case here, as there are only State law claims

which would remain against the Tamarack Court Defendants, if the Federal claims are

eliminated, and they should be pursued, to the extent they may be pursued at all, in the

State Courts of Minnesota. See, <u>Franklin v. Zain</u>, 152 F.3d 783, 786 (8th Cir. 1998);

see also <u>Fearing v. City of Lake St. Croix Beach</u>, supra at *9 (declining supplemental

jurisdiction over state-law claims for conversion after dismissal of all Federal claims).

In sum, we find that all of the Plaintiff's Federal claims against the Tamarack

Defendants are barred by the doctrine of <u>res judicata</u>. Therefore, we recommend that

the Motion of the Tamarack Defendants to Dismiss be granted in its entirety.

C.    <u>The Plamanns' Motion to Dismiss.</u>

The Plamanns were not named as Defendants in the Plaintiff's prior State Court

litigation. However, their Motion to Dismiss is premised upon the application of the

<u>Rooker/Feldman</u> doctrine, <u>res judicata</u>, and the Plaintiff's failure to state a claim upon

which relief can be granted. Specifically, we agree with the Plamanns contention, that

the Plaintiff's Complaint fails to state a claim upon which relief can be granted.[7]

---

[7]Given our conclusion, that the Plaintiff's Complaint fails to state a claim against the Plamanns upon which relief can be granted, we decline the Plamanns' invitation to address the applicability of either the <u>Rooker/Feldman</u>, or <u>res judicata</u> doctrines.

-27-

Outside of the Plaintiff's wholly conclusory allegations, that the Plamanns participated in a conspiracy to deprive him of his constitutional rights, the only conduct alleged, on the part of Plamanns, is their alleged signing of a "bogus lease" for an unoccupied lot, in order to block him from moving his "manufactured home" at a later date.[8]  See, <u>Complaint</u> at ¶10.

None of the alleged conduct gives rise to a Section 1983 claim, since the Plaintiff has not alleged that the Plamanns acted under color of law, or performed any activity which has been "traditionally exclusively reserved to the state," which would otherwise support the Plaintiff's conspiracy claims.  See, <u>Reasonover v. St. Louis County, Mo.</u>, 447 F.3d 569, 584 (8th Cir. 2006), citing <u>Jackson v. Metro. Edison Co.</u>, 419 U.S. 345, 352 (1974); <u>Creason v. City of Washington</u>, 435 F. 3d 820, 823 (8th Cir. 2006)("To survive dismissal of their section 1983 cause of action, [the plaintiff] must have sufficiently alleged the [defendant] deprived them of a right secured by the Constitution and laws" of the United States, and the deprivation was caused by a

---

[8]Moreover, we note that the Plamanns approached Tamarack Court, in January of 2002, to ask if they could rent the disputed Lot, many months before the Plaintiff allegedly asked to move his manufactured home to another lot.  See, <u>Affidavit of Darhla Plamann</u>, <u>Docket No. 146</u>, at ¶3.

person or persons acting under color of state law."), citing <u>Title 42 U.S.C. §1983</u>; and

<u>Flagg Bros., Inc. v. Brooks</u>, 436 U.S. 149, 155 (1978).

Based upon the Plaintiff's arguments, it appears that he fundamentally misunderstands the requirements for sufficiently pleading a cause of action. Specifically, the Plaintiff's conclusory allegations, that the Plamanns engaged in a conspiracy, that there was a "meeting of the minds," and that the Defendants violated his constitutional rights, are insufficient to state a cause of action in the absence of factual allegations to support those claims. See, <u>Footnote 5</u>, supra. The Plaintiff's Complaint against the Plamanns is woefully deficient in that it fails to allege factual circumstances which would support his conclusion that the Plamanns were involved in a conspiracy, or that they otherwise violated his Federal Constitutional rights. Accordingly, we recommend that the Plamanns' Motion to Dismiss be granted, and that the claims against them be dismissed in their entirety.

D.   <u>The Plaintiff's Motion for a Temporary Restraining Order</u>

Since we recommend that the Defendants' Motions to Dismiss be granted, we find that the Plaintiff is not entitled to any injunctive relief. Moreover, the Plaintiff solely seeks money in his request for injunctive relief -- specifically, $8182.40 as "temporary damages to maintain or restore the status quo." <u>Docket No. 81</u>, at

unnumbered p. 7.  The Plaintiff contends that he "no longer has the resources to fight back," and that, "through no fault of his own has suffered some severe setbacks in his employment and he is in immediate and irreparable damage or losing all his assets beginning with his home and directly or indirectly these defendants are responsible for placing Mr. Milliman in the position he is in and the court should hold them responsible."  Id. at unnumbered p. 3.

In determining whether to grant a preliminary injunction, a Court considers: "1) the probability of the movant's success on the merits; 2) the threat of irreparable harm to the movant; 3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and 4) whether the issuance of the preliminary injunction is in the public interest."  Emerson Electric Co. v. Rogers, 418 F.3d 841, 844 (8th Cir. 2005), citing Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981).  "A preliminary injunction is an extraordinary remedy, see Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir. 1987), and the burden of establishing the propriety of an injunction is on the movant."  Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003), citing Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).  "Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction."  Id., citing Adam-

Mellang v. Apartment Search, Inc., 96 F.3d 297, 299 (8th Cir. 1996). "When there is an adequate remedy at law, a preliminary injunction is not appropriate." Id., citing Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1989).

In addition, "an injunction cannot issue if there is no chance of success on the merits * * *." Mid-America Real Estate Co. v. Iowa Realty Co., 406 F.3d 969, 972 (8th Cir. 2005), citing Firefighters Local Union No. 1784 v. Stotts, 457 U.S. 561, 589 (1984)(O'Connor, J., concurring), and AM General Corp. v. DaimlerChrysler Corp., 311 F.3d 796, 804 (7th Cir. 2002). Here, on the Record presented, we find that the Plaintiff has failed to make a sufficient showing of irreparable harm or injury, which would warrant granting the extraordinary relief sought by the Plaintiff, and further, that the claims implicated by his requests for injunctive relief do not have a high probability of success on their merits.

Even if we did not find the Defendants were entitled to dismissal of the Plaintiff's claims asserted against them, we note that "[a] dollar loss invokes the Court's legal powers, as opposed to its equitable powers," and "[a]s a result, the Court finds that the first Dataphase factor weighs against the issuance of a preliminary injunction." Halikas v. University of Minnesota, 856 F. Supp. 1331, 1334 (D. Minn.

1994), citing <u>Franklin v. Gwinnett County Public Schools,</u> 503 U.S. 60, 75-76, 112

S.Ct. 1028, 1038, 117 L.Ed.2d 208 (1992); <u>Federal Deposit Insurance Corp. v.</u>

<u>Faulkner</u>, 991 F.2d 262, 265 (5th Cir. 1993).   Furthermore, a "Plaintiff must first

establish that irreparable harm will result without injunctive relief and that such harm

will not be compensable by money damages." <u>Northland Ins. Companies v. Blaylock</u>,

115 F. Supp.2d 1108, 1116 (D. Minn. 2000).   The "unrecoupable expense of litigation,

however, is not the irreparable injury contemplated as a prerequisite to equitable

relief." <u>West v. Bergland</u>, 611 F.2d 710, 718 (8th Cir. 1979), citing <u>Renegotiation</u>

<u>Board v. Bannercraft Clothing Co.</u>, 415 U.S. 1, 24 (1974).   Accordingly, as the

Plaintiff is seeking no more than an advance of funds against his ultimate recovery,

and since we find no chance that the Plaintiff will ultimately succeed on the merits of

his pleaded Federal claims, we recommend that the Plaintiff's Motion for injunctive

relief be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

1.     That the Motion of the Franz Defendants to Dismiss [Docket No. 65] be

granted.

-32-

2.      That the Motion of the Tamarack Defendants to Dismiss [Docket No. 68] be granted.

3.      That the Motion of the Plamanns to Dismiss  [Docket No. 139] be granted.

4.      That the Plaintiff's Motion for a Temporary Restraining Order [Docket No. 80] be denied.


Dated: January 31, 2007                    s/Raymond L. Erickson
                                           Raymond L. Erickson
                                           CHIEF U.S. MAGISTRATE JUDGE

### NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 16, 2007,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 16, 2007,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.