# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| LANCE GERALD MILLIMAN, | Civil No. 05-2993 (JRT/RLE) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND** |
| DARHLA PLAMANN; GARY PLAMANN; TAMARACK COURT, INC.; NEIL FRANZ; NEILS, FRANZ & CHIRHART; and DALE WAGNER, | **RECOMMENDATION** |
| Defendants. | |

Lance Gerald Milliman, 60009 373rd Street, Eden Valley, MN 55329, *pro se* plaintiff.

Patrick M. O'Donnell, **SMITH PAULSON O'DONNELL & ASSOCIATES**, P.O. Box 668, Monticello, MN 55362-0668, for defendants Tamarack Court, Dale Wagner, Darhla Plamann, and Gary Plamann.

Keith J. Broady, **LOMMEN, ABDO, COLE, KING & STAGEBERG, PA**, 80 South Eighth Street, Suite 2000, Minneapolis, MN 55402, for defendants Neil Franz and Neils, Franz & Chirhart.

Plaintiff Lance Gerald Milliman commenced this action under 42 U.S.C. § 1983, alleging that defendants violated his rights under the United States and Minnesota constitutions, and that they conspired for the purpose of depriving him of his federal constitutional rights. The matter came before United States Magistrate Judge Raymond L. Erickson upon a motion to dismiss filed by Neil Franz and the law firm of Neils, Franz & Chirhart (collectively "the Franz defendants"); a motion for injunctive relief filed by Milliman; a motion to dismiss filed by Tamarack Court, Inc. and Dale Wagner (collectively "the Tamarack defendants"); and a motion

to dismiss filed by Gary and Darhla Plamann (collectively "the Plamanns").  In a Report and Recommendation dated January 31, 2007, the Magistrate Judge recommended that this Court grant the defendants' motions and deny Milliman's motion.  This matter is now before the Court on Milliman's objections to the Report and Recommendation.  The Court conducted a *de novo* review of Milliman's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b), and for the reasons set forth below, overrules Milliman's objections and adopts the Report and Recommendation.

## BACKGROUND

This lawsuit arises from the eviction of plaintiff Lance Milliman from the Tamarack Court, Inc. Manufactured Home Park ("the Park") and the subsequent removal of his manufactured home from the Park.  In his complaint, Milliman alleges that Dale Wagner, who is the owner of Tamarack Court, determined after meeting with city officials that a storm shelter should be constructed on Lot 18, which is where Milliman's manufactured home was located.  Milliman contends that as a result of this determination he began to experience harassment from Wagner and other residents of the Park.

In April 2002, Milliman informed Stearns County that the septic system for Lot 18 was not working properly.  The County determined that the septic system could not be repaired and that it would have to be replaced if the manufactured homes it served were not removed.  Wagner apparently determined that it would not be economical to replace the septic system and decided instead to construct a storm shelter on Lot 18.

On May 31, 2002, law enforcement served a Notice of Termination of Tenancy on Milliman. The stated reason for the termination was the failing septic system. In a report filed with Stearns County Sheriff's Department, Milliman contends that Wagner deliberately caused the septic system to fail by spraying expanding foam insulation into Milliman's septic tank.

Milliman did not vacate his lot, and the Tamarack defendants commenced an eviction action in Minnesota State Court. The eviction action proceeded to a bench trial, and the district court issued an Order to Vacate and a Writ of Recovery. Milliman appealed the Order to the Minnesota Court of Appeals, which affirmed the decision of the district court. *See Tamarack Court, Inc. v. Milliman*, 2003 WL 21911150, at *1-5 (Minn. Ct. App. Aug. 12, 2003).

On October 15, 2002, law enforcement served Milliman with the Writ of Recovery, which directed Milliman to vacate the premises within 24 hours. Milliman personally vacated but his manufactured home remained on Lot 18. Milliman contends that two other lots were available in the Park but that he was denied the opportunity to relocate to one of those lots. He asserts that Wagner and the Plamanns signed allegedly fraudulent leases to eliminate the availability of those lots.

Milliman initiated state court proceedings against the Tamarack defendants. Throughout those proceedings, the Franz defendants represented the Tamarack defendants. Following a series of adverse rulings in state court, Milliman filed the action currently before this Court.

## ANALYSIS

The Franz defendants, the Tamarack defendants, and the Plamanns filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Magistrate

Judge recommended granting the motion of the Franz defendants because the *Rooker/Feldman* doctrine deprives the Court of federal subject matter jurisdiction over the claims against those defendants.[1]   The Magistrate Judge recommended granting the motions of the Tamarack defendants and the Plamanns because the allegations against those defendants failed to state a claim upon which relief can be granted.[2]

## I.      STANDARD OF REVIEW

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to plaintiff, as the non-moving party.  *See, e.g.*, *Bhd. of Maint. of Way Employees. v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001).  A motion to dismiss a complaint should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle plaintiff to relief.  *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

---

[1] In his objection, Milliman does not raise any specific objections to the dismissal of the Franz defendants.  The Court agrees with the conclusions of the Magistrate Judge on this motion, and grants the motion to dismiss filed by the Franz defendants without further discussion.

[2] The Court agrees with the Magistrate Judge that the *Rooker/Feldman* doctrine does not preclude exercise of federal court jurisdiction over the claims against the Tamarack defendants, and that the Court need not address whether the *Rooker/Feldman* doctrine applies to the claims against the Plamanns.  The Court therefore confines its discussion to whether the allegations in Milliman's complaint are sufficient under Rule 12(b)(6).

## II.    OBJECTIONS TO THE REPORT AND RECOMMENDATION

The Magistrate Judge concluded that Milliman's claims against the Tamarack defendants are barred by the doctrine of *res judicata*. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Gurley v. Hunt*, 287 F.3d 728, 731 (8th Cir. 2002). "The test applied to determine whether res judicata bars litigation of a claim is: (1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the judgment was a final judgment on the merits; and (3) whether the same cause of action and same parties or their privies were involved in both cases." *Id.*

In his objection, Milliman argues that his discrimination claim against the Tamarack defendants is a "new claim" made in this proceeding.  The Court compared his federal complaint with his state court complaint.  The claims are substantially similar and demonstrate that Milliman is attempting to re-litigate his state court action against the Tamarack defendants in this Court.  Indeed, Milliman states in his federal complaint that "[t]his 42 U.S.C. [§] 1983 matter was originally before the courts of the State of Minnesota in Stearns County District Court." (Compl. ¶ 13.)  The Court cannot identify any new claim for discrimination in the federal complaint, and any alleged new claim that could have been brought is nevertheless barred by the doctrine of *res judicata*.  The Court concludes that the Tamarack defendants have satisfied the elements required for application of the doctrine of *res judicata*.

The Magistrate Judge further concluded that Milliman's complaint against the Plamanns fails to state a claim upon which relief can be granted.  The only conduct alleged on the part of the Plamanns is their signing of a "bogus lease" for an unoccupied lot with the purpose of

blocking Milliman from moving his manufactured home to that lot.  (Compl. ¶ 10.)  In his objection, Milliman argues that the allegations are sufficient to state a claim against the Plamanns.

The Court agrees with the Magistrate Judge that none of the conduct alleged rises to a § 1983 claim because Milliman has not alleged that the Plamanns acted under color of state law.  *See Reasonover v. St. Louis County*, 447 F.3d 569, 584 (8th Cir. 2006) (explaining the circumstances under which a private party may be deemed a state actor for purposes of § 1983 liability).  In his objection, Milliman urges the Court to interpret his claims as properly alleging a private conspiracy to discriminate.  Although the Court construes *pro se* pleadings liberally, it is not the role of the Court to rewrite a plaintiff's complaint.  *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).   The complaint fails to allege factual circumstances that would support Milliman's assertion that the Plamanns were involved in any kind of conspiracy or otherwise violated his constitutional rights.

In his objection, Milliman further argues that the Magistrate Judge decided factual issues in his Report and Recommendation.  Although it is evident that the Magistrate Judge considered the Affidavit of Darla Plamann, as discussed in footnote 8 of the Report and Recommendation, it does not appear that the Magistrate Judge relied on this information in reaching his conclusions.  Nevertheless, this Court did not consider any affidavits in reaching its conclusions.

Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge and grants the defendants' motions to dismiss.[3]

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** Milliman's objections [Docket No. 161] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 158].  Accordingly, **IT IS HEREBY ORDERED** that:

1.      The Franz defendants' motion to dismiss [Docket No. 65] is **GRANTED**.

2.      The Tamarack defendants' motion to dismiss [Docket No. 68] is **GRANTED**.

3.      The Plamanns' motion to dismiss [Docket No. 139] is **GRANTED**.

4.      Milliman's Motion for a temporary restraining order [Docket No. 80] is **DENIED**.

5.      Plaintiff's complaint is **DISMISSED with prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:    May 9, 2007                                       _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                                        JOHN R. TUNHEIM
                                                                          United States District Judge

_____

[3] Because the Court concludes that the defendants' motions to dismiss must be granted, Milliman is not entitled to injunctive relief.  The Court therefore denies Milliman's motion for a temporary restraining order without further discussion.